# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

NATHANIEL BALL

                Plaintiff,

vs.

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202

ERIE COUNTY SHERIFF TIMOTHY B. HOWARD
10 Delaware Avenue
Buffalo, New York 14202

JOHN DOES, medical personnel of
ERIE COUNTY HOLDING CENTER

and JOHN DOES, as deputies of
ERIE COUNTY HOLDING CENTER

                Defendants.

Index No.

Plaintiff designates Erie
County as the place of trial

The basis of venue is
Defendants' principal office

**SUMMONS**

Defendant maintains a place
of business at 95 Franklin St
Buffalo, New York 14202
County of Erie

---

TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:     Buffalo, New York
                March 9, 2020

                                      VANDETTE PENBERTHY LLP

                                      By: _____
                                           BRITTANY L. PENBERTHY, ESQ.
                                           Attorneys for Plaintiff
                                           Office and P.O. Address

227 Niagara Street
Buffalo, New York 14201
(716) 803-8400

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

NATHANIEL BALL

                Plaintiff,

vs.

COUNTY OF ERIE
95 Franklin Street
Buffalo, New York 14202

ERIE COUNTY SHERIFF TIMOTHY B. HOWARD
10 Delaware Avenue
Buffalo, New York 14202

JOHN DOES, medical personnel of
ERIE COUNTY HOLDING CENTER

and JOHN DOES, as deputies of
ERIE COUNTY HOLDING CENTER

                Defendants.

**COMPLAINT**

Index No

---

Plaintiff, above named, by his attorneys, VANDETTE PENBERTHY LLP, for his Complaint against the defendants, COUNTY OF ERIE, ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER alleges as follows:

### STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

1. The plaintiff, NATHANIEL BALL, at all times hereinafter mentioned, was an inmate at Erie County Holding Center, located at 40

Delaware Avenue, in the City of Buffalo, County of Erie and the State of New York.

2.  Upon information and belief, the defendant, COUNTY OF ERIE, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

3.  Upon information and belief, the defendant, ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, was and is the Sheriff of Erie County and is being sued in both his individual and official capacity.

4.  Upon information and belief, the defendant, JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, were and still are employed within the premises of Erie County Holding Center, having provided medical care to Plaintiff, and is being sued in both their individual and official capacities.

5.  Upon information and belief, the defendant, JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER, were and still are employed within the premises of Erie County Holding Center, having aided in the confinement and care of Plaintiff, and is being sued in both their individual and official capacities.

6.  Upon information and belief, at all times hereinafter mentioned, the defendant, ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, was the acting Sheriff of Erie County and was employed by COUNTY OF ERIE.

7. Upon information and belief, at all times hereinafter mentioned, the defendant, COUNTY OF ERIE was the owner of certain premises commonly known as the Erie County Holding Center located at 40 Delaware Avenue, in the City of Buffalo, County of Erie and State of New York.

8. Upon information and belief, an agreement existed between the COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD regarding medical care and treatment of inmates at the Erie County Holding Center, located at 40 Delaware Ave., Buffalo, New York.

9. Upon information and belief, the defendants, COUNTY OF ERIE and/or ERIE COUNTY SHERIFF TIMOTHY B. HOWARD maintained, operated, managed, controlled and staffed the Erie County Holding Center, located at 40 Delaware Avenue, in the City of Buffalo, County of Erie and State of New York, and were responsible for the care and custody of all inmates at Erie County Holding Center.

10. On or about February 7 or 8 of 2019, while an inmate of the Erie County Holding Center, Plaintiff suffered an injury to his backside, believed to be the result of a spider/bug bite, and brought said injury to the attention of medical staff and employees of Defendants COUNTY OF ERIE and/or ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER, with complaints of great pain and suffering and physical anguish. Said medical staff ignored and/or failed to properly

administer timely care and/or treatment to Plaintiff, ultimately necessitating intensive care hospitalization.

11. Heretofore and on or about the 2nd of May, 2019, a Notice of Claim was served on behalf of the plaintiff upon, COUNTY OF ERIE, ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER in duplicate, which Notice of Claim sets forth the name and post office address of Plaintiff, Claimant, the name and post office address of his attorneys, the nature of the claim, the time when, the place where and the manner in which the claim arose, together with the items of damages and injuries then known to exist, and the said Notice of Claim was served upon ERIE COUNTY, ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER within ninety (90) days of the date upon which the claim arose. At least thirty (30) days have elapsed since the service of the Notice of Claim as aforesaid, and ERIE COUNTY, ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER have failed and neglected to adjust or pay the said claim.

**AS AND FOR A FIRST CAUSE OF ACTION, AGAINST THE DEFENDANT, COUNTY OF ERIE, THE PLAINTIFF, NATHANIEL BALL, ALLEGES:**

12. The plaintiff repeats, reiterates and realleges each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth herein.

13. Upon information and belief, the incident hereinbefore described and the resultant injuries and damages were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendant, COUNTY OF ERIE, and by their agents, servants and/or employees, more particularly, in failing and omitting to make and undertake proper safeguards for care and protection of Plaintiff; negligent in failing and omitting to ensure the premises were kept free of dangerous conditions; and in failing and omitting to properly and adequately instruct, supervise and train its personnel.

14. Upon information and belief, the defendant, COUNTY OF ERIE, affirmatively created the dangerous and defective condition described herein, or minimally had constructive notice of the said condition, causing Plaintiff's injuries.

15. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

16. This action falls within one or more of the exceptions set forth in CPLR § 1602.

AS AND FOR A SECOND CAUSE OF ACTION

## AGAINST THE DEFENDANT, COUNTY OF ERIE, ABOVE-NAMED, THE PLAINTIFF, NATHANIEL BALL, ALLEGES:

17. The plaintiff repeats, reiterates and realleges each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth herein.

18. While in custody of Defendant COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, at the Erie County Holding Center, Plaintiff suffered an injury caused by conditions of the premises.

19. The incident hereinbefore described and the resultant injuries and damages were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the defendants COUNTY OF ERIE, more particularly, in negligently handling Plaintiff's serious physical injuries under New York State common law; in failing and omitting to ensure Plaintiff was provided and supplied with necessary and proper medical care; in failing to timely transport Plaintiff to a hospital when it was obvious, apparent, and known or should have been known by each and every one of these Defendants Plaintiff was in need of emergent medical care.

20. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

21. This action falls within one or more of the exceptions set forth in CPLR § 1602.

## AS AND FOR A THIRD CAUSE OF ACTION

### AGAINST THE DEFENDANTS COUNTY OF ERIE AND JOHN DOES, MEDICAL PERSONNEL OF ERIE HOLDING CENTER, ABOVE-NAMED, THE PLAINTIFF, NATHANIEL BALL, ALLEGES:

22. The plaintiff repeats, reiterates and realleges each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth herein.

23. The defendants, COUNTY OF ERIE and/or JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, individually and/or jointly and severally, through their agents, servants, employees, associates and/or subcontractors had a duty to provide medical care to the Plaintiff while incarcerated in the Erie County Holding Center.

24. The defendants, COUNTY OF ERIE and/or JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, individually and/or jointly and severally, through their agents, servants, employees, associates and/or subcontractors, carelessly and negligently rendered medical care and treatment to Plaintiff while incarcerated at the Erie County Holding Center, which care and treatment was not in accordance with good and accepted medical practice.

25. Upon information and belief, at all times herein mentioned, the defendants, COUNTY OF ERIE and/or JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, individually and/or jointly and severally, through their agents, servants, employees, associates and/or subcontractors, were negligent and committed acts of medical malpractice in the rendition of services to the Plaintiff.

26. Upon information and belief, at all times herein mentioned, the defendants, COUNTY OF ERIE and/or JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, individually and/or jointly and severally, through their agents, servants, employees, associates and/or subcontractors, failed to exercise due and reasonable care under the circumstances in care and treatment to Plaintiff, so as to avoid further injury to the Plaintiff and failed to properly, adequately and correctly assess, diagnose and treat Plaintiff's condition; deviated from good, known and accepted medical practice in the care and treatment of Plaintiff; deviated from the usual and accepted practice and skill ordinarily possessed by and required of medical personnel and failed and omitted to prevent the incident, which by the exercise of accepted medical practice and due and reasonable care, could and should have been prevented.

27. Upon information and belief, defendants, COUNTY OF ERIE and JOHN DOES, medical personnel of ERIE COUNTY HOLDING CENTER, are liable for the actions of the defendants, based on theory of respondeat superior.

28. This action falls within one or more of the exceptions set forth in CPLR § 1602.

29. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

30. This action falls within one or more of the exceptions set forth in CPLR § 1602.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS, JOHN DOES, AS MEDICAL PERSONNEL OF ERIE COUNTY HOLDING CENTER, AND JOHN DOES, AS DEPUTIES OF ERIE COUNTY HOLDING CENTER, ABOVE-NAMED, THE PLAINTIFF, NATHANIEL BALL, ALLEGES:

31. The plaintiff repeats, reiterates and realleges each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth herein.

32. Upon information and belief, the defendants, JOHN DOES, as medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER, individually and/or jointly and severally, were acting under the direction of defendants COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, through their agents, servants, employees, associates and/or contractors as well as the staff and personnel under the direction of the defendants were acting under color of state law relative to the treatment and incarceration of Plaintiff NATHANIEL BALL at the Erie County Holding Center.

33. Upon information and belief, the defendants, JOHN DOES, as medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER, individually and/or jointly and severally, through their agents, servants, employees, associates and/or contractors as well as the staff and personnel under the direction of the

defendants deprived adequate medical treatment to Plaintiff; had knowledge and knew of Plaintiff's condition and consciously disregarded the same; inflicted severe bodily harm and physical injuries without due process; failed and omitted to provide reasonable and adequate protection for the health and safety of Plaintiff at the Erie County Holding Center and allowed and permitted the Erie County Holding Center to be and remain in an unsafe, hazardous and dangerous condition as to inflict cruel and unusual punishment upon Plaintiff and unconstitutionally deprive Plaintiff of due process under the law; the defendants were aware of the objectively serious medical conditions of Plaintiff and negligently, and or recklessly, and or with gross negligence, and or with deliberate indifference did fail to act, to ignore the life-threatening or fast-degenerating condition of Plaintiff, and that these defendants knew of and disregarded the excessive risks to Plaintiff's health, and or negligently, and or recklessly, and or with gross negligence, and or with deliberate indifference failed to act with reasonable care to mitigate the risk that the condition posed to Plaintiff even though Defendants knew or should have known the conditions posed an excessive risk to the health or safety of Plaintiff.

34. JOHN DOES, as medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER, are and were aware of deficiencies in training, staffing, and medical care, in the Erie County Holding Center by virtue of prior cases of

mistreatment. COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD are documented to be not fully compliant with all policies and procedures and the noted custom and practice of staff shortages, incomplete medical documentation and medication administration, delays in nurse and provider visits, absence of required visits by licensed practitioners, failure to routinely take vital signs and noted non-compliance with review of inmate clinical care by a responsible physician.

35. Defendants JOHN DOES, as medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER, were at least constructively aware of widespread and persistent wrongful practices by their subordinates, and or their failure to train their subordinates, and that practices, including rampant and numerous NYCRR violations, as stated above, were permitted by COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, JOHN DOES, as medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER to continue unchecked, amounting to the deliberate indifference of the Defendants.

36. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

37. This action falls within one or more of the exceptions set forth in CPLR § 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS, COUNTY OF ERIE AND ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, ABOVE-NAMED, THE PLAINTIFF, NATHANIEL BALL, ALLEGES:

38. The plaintiff repeats, reiterates and realleges each and every preceding allegation contained in this Complaint with the same force and effect as if fully set forth herein.

39. Upon information and belief, the aforementioned actions of the defendants, COUNTY OF ERIE and/or ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, individually and/or jointly and severally, through their agents, servants, employees, associates and/or contractors, failed to adequately train and supervise same by knowing to a moral certainty that their employees would confront the given situation of Plaintiff's medical needs, presenting said subordinates would be presented with a difficult choice of the sort of training that would make less difficult or that there is a history of employees mishandling similar situations, and the wrong choices of such subordinates would cause the deprivation of constitutional rights, that the Defendants COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, by failure of policies and/or customs, and/or widespread practices, and/or failed training of subordinates, permitted practices by its subordinates at the Erie County Holding Center, including medical staff and its other subordinates, that permitted Plaintiff to remain in the above-described

14

conditions, ignoring his medical needs, without requiring subordinates to intervene or take steps to remove a seriously ill inmate and patient for appropriate medical attention; policymakers of said defendants made a conscious choice to disregard in deficiently implementing their training programs that is closely related to and resulted in the injuries to Plaintiff, depriving of a constitutional right to medical treatment; and that such policies, procedures, practices, customs, and failure to train by Defendants such that deliberate indifference was manifested towards Plaintiff, depriving and infringing upon his Constitutional rights, permitting Plaintiff to remain in her cell for days without adequate medical attention.

40. Defendants COUNTY OF ERIE and its decisionmakers, and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, are and were actually and/or constructively aware of deficiencies in training, staffing, and medical care, in the Erie County Holding Center by virtue of prior cases of mistreatment. ERIE COUNTY and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD are documented to be not fully compliant with all policies and procedures and the noted custom and practice of staff shortages, incomplete medical documentation and medication administration, delays in nurse and provider visits, absence of required visits by licensed practitioners, failure to routinely take vital signs and noted non-compliance with review of inmate clinical care by a responsible physician.

41. Defendants COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, were at least constructively aware of widespread and persistent wrongful practices by their subordinates, and or their failure to train their subordinates, and that practices, including rampant and numerous NYCRR violations, as stated above, were permitted by ERIE COUNTY and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, JOHN DOES, as medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER to continue unchecked, amounting to the deliberate indifference of the Defendants.

42. As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

43. This action falls within one or more of the exceptions set forth in CPLR § 1602.

### PRAYER FOR RELIEF

The plaintiff demands judgment against the defendants, COUNTY OF ERIE and ERIE COUNTY SHERIFF TIMOTHY B. HOWARD, JOHN DOES, as medical personnel of ERIE COUNTY HOLDING CENTER, and JOHN DOES, as deputies of ERIE COUNTY HOLDING CENTER, either jointly or severally, in the First, Second, Third, Fourth, and Fifth Causes of Action in an amount that exceeds the jurisdictional limits of all lower courts that would

otherwise have jurisdiction for general and special damages, and against each and every defendant named in this complaint for punitive damages for the above alleged constitutional violations actionable under 42 U.S.C. § 1983, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:   Buffalo, New York
         March 10, 2020

                                    VANDETTE PENBERTHY LLP


                                    By: BrittanyLee Penberthy
                                    BRITTANYLEE PENBERTHY, ESQ.
                                    Attorneys for Plaintiff
                                    Office and P.O. Address
                                    227 Niagara Street
                                    Buffalo, New York 14201
                                    (716) 803-8400