UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NATHANIEL BALL,

        Plaintiff,

    v.
                                        20-CV-369-LJV-JJM

COUNTY OF ERIE, *et al.*,                        DECISION & ORDER

        Defendants.

---

    The plaintiff, Nathaniel Ball, commenced this action on March 10, 2020, in New York State Supreme Court, Erie County.  Docket Item 2-1.  In his complaint, Ball alleges that he sustained injuries from a spider or insect bite while he was an inmate at the Erie County Holding Center (the "Holding Center").  *Id.*  On March 27, 2020, defendants County of Erie ("the County") and Erie County Sheriff Timothy B. Howard removed the case to this Court.  Docket Item 2.

    The County then moved to dismiss Ball's first claim as well as his claim for punitive damages.  Docket Item 4.  On April 12, 2020, Ball responded, Docket Item 7, and on April 22, 2020, the County replied, Docket Item 13.  A week later, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 17.

    On November 4, 2020, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the County's motion should be granted in part and denied in part.  Docket Item 30.  More specifically, Judge McCarthy recommended dismissing Ball's punitive damages claim against the County but allowing Ball's negligence claim to

proceed.  *Id.*  On November 18, 2020, the County objected to the R&R, arguing that Judge McCarthy erred when he found that the County had a duty to keep the Holding Center free from the dangerous conditions identified in the complaint.  *See* Docket Item 33.  On December 3, 2020, Ball responded to the County's objection, Docket Item 35, and on December 15, 2020, the County replied, Docket Item 36.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge McCarthy.  Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to grant the County's motion to dismiss in part and deny it in part.

## FACTUAL BACKGROUND

Ball was an inmate at the Holding Center in February 2019.[1]  Docket Item 2-1 at ¶ 10.  On February 7 or 8, 2019, Ball "suffered an injury to his backside," which he "believed to be the result of a spider/bug bite."  *Id.*  He then "brought [that] injury to the attention of medical staff and employees" of the County, Erie County Sheriff Timothy B.

---

[1] The Court assumes the reader's familiarity with the facts alleged in the complaint, *see* Docket Item 2-1, and Judge McCarthy's analysis in the R&R, *see* Docket Item 30.  Accordingly, the Court provides only a brief recitation of the facts relevant to the County's objections.

Howard, and the Holding Center.  *Id.*  Those individuals, however, "ignored" or "failed to properly administer timely care [or] treatment to [Ball], ultimately necessitating [Ball's] intensive care hospitalization."  *Id.*

## LEGAL PRINCIPLES

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  On a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citing *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014)).

## DISCUSSION

I.    **PUNITIVE DAMAGES CLAIMS**

Judge McCarthy recommended that Ball's punitive damages claim against the County be dismissed with prejudice.  Docket Item 30 at 2.  Neither party objected to this recommendation; indeed, Ball previously "concede[d] that the County, as a municipality, is immune from punitive damages liability."  Docket Item 7 at 11.  Ball's punitive damages claim against the County therefore is dismissed with prejudice.

3

Judge McCarthy also recommended that Ball's punitive damages claim brought against Howard in his official capacity not be dismissed, but he "encourage[d] [the] plaintiff . . ., if appropriate, [to] stipulate to the dismissal" of that claim.  Docket Item 30 at 3 & n.3 (collecting cases).  Ball and Howard subsequently stipulated that Ball's official-capacity punitive damages claim against Howard would be dismissed with prejudice, Docket Item 31; accordingly, this claim is dismissed with prejudice as well.

## II.   NEGLIGENCE CLAIM

### A.   Local Law Offered by the County

The County first argues that Judge McCarthy "erroneously declined to take cognizance of the portions of the Erie County Charter and of the Erie County Administrative Code that were annexed as exhibits to [its] [s]upporting [a]ffidavit." Docket Item 33 at 2.  In support of its motion to dismiss, the County offered an affidavit attaching two sections of the Erie County Charter and one section of the Erie County Administrative Code.[2]  *See* Docket Items 5, 5-1, 5-2, 5-3.  Judge McCarthy did not explicitly refer to these attachments in the R&R; instead, he noted that he did not "consider[] the extrinsic evidence (*i.e.*, [the affidavit] and attached exhibits) offered by the County in support of its motion."  Docket Item 30 at 7 n.5.

As Ball and the County agree, *see* Docket Item 33 at 2; Docket Item 35 at 3, a court may consider local law in deciding a motion to dismiss, *see Pani v. Empire Blue*

---

[2] The County also submitted Ball's notice of claim, the summons and complaint, and a hearing transcript.  *See* Docket Items 5-4, 5-5, 5-6.  The County does not argue that Judge McCarthy erred in failing to consider these attachments, and it "consent[ed] to th[e] transcript excerpts being disregarded" in its submissions to Judge McCarthy. *See* Docket Item 13 at 4.

4

*Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes."). But it is unclear what the County argues Judge McCarthy failed to consider in these provisions. For example, the County offered one section of the Erie County Charter to establish only that the County "is a municipal corporation organized and existing pursuant to the laws of the State of New York." Docket Item 5 at ¶ 3; Docket Item 5-1. The County does not explain how that affects any part of the R&R; indeed, the County referred to this section in its motion to dismiss only to argue that Ball's "claim for punitive damages . . . must be dismissed with prejudice." *See* Docket Item 6 at 2-3.

The County also offered a second section of the Erie County Charter to show that the Erie County Sheriff is a "popularly elected public officer" who "shall have and exercise all powers and duties . . . imposed upon him by any applicable law." Docket Item 5 at ¶ 4; Docket Item 5-2. And the County invoked a section of the Erie County Administrative Code to establish that "[t]he sheriff may appoint . . . employees of the county jail." Docket Item 6 at 5; Docket Item 5-3. The County argues that these provisions establish that "the Sheriff[,] not the County[,] was responsible for the training and supervision of all deputies and other jail personnel in the . . . Holding Center" at the time of the plaintiff's injuries.[3] Docket Item 33 at 5.

---

[3] The County also cites other sections of the Erie County Charter that it alleges "establish that the County simply owed no duty to the plaintiff . . . to keep [the Holding Center] free of any and all spiders or all bugs" or "as free from spiders and bugs as reasonably practicable." Docket Item 33 at 13 (citing sections 2102, 2103, and 2014 of the Erie County Charter). As quoted above, section 2102 provides that the "Sheriff shall have and exercise all powers and duties now or hereafter conferred or imposed upon him by any applicable law." *See* Docket Item 5-2 at 2. Section 2103 details the

But again, those sections do not call into question Judge McCarthy's analysis or

conclusions.  Judge McCarthy noted that "the duty to supervise and train [the] Sheriff's

deputies rests with the Sheriff."  Docket Item 30 at 7 (alterations omitted) (quoting

*Metcalf v. County of Erie*, 173 A.D.3d 1799, 1800, 104 N.Y.S.3d 815, 816 (4th Dep't

2019)).  Likewise, he addressed the argument that the County now raises—that "the

independently elected Sheriff is . . . responsible pursuant to Correction Law § 500-c to

keep [the Holding Center] in a reasonably safe condition for inmates and visitors alike."[4]

Docket Item 36 at 2; *see* Docket Item 30 at 4 (citing N.Y. Correct. Law § 500-c).   So

even if Judge McCarthy did not explicitly refer to the provisions attached to the County's

affidavit, he considered the arguments that the County now presses in its objection—

that is, that these provisions and other case law establish that "keeping [the Holding

Center] reasonably clean and . . . clear and free of spiders and bugs" is the duty of the

Erie County Sheriff, not the County.[5]  Docket Item 33 at 5.

---

classification of various Erie County Sheriff's Office employees, and section 2104
provides that the Sheriff "shall appoint the Superintendent of the Jail Management
Division to serve at his or her pleasure."  *Id.*  Beyond simply identifying these provisions,
however, the County does not demonstrate how these local laws "establish that the
County simply owed no duty to the plaintiff" for his injuries.  *See United States v.
Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible
argument in the most skeletal way, leaving the court to do counsel's work, create the
ossature for the argument, and put flesh on its bones.").

[4] Because Judge McCarthy considered the County's argument that only the
Sheriff has a duty to "keep[] [] the premises of the . . . Holding Center reasonably clean"
under Correction Law § 500-c, *see* Docket Item 30 at 4, he did not err in failing to
explicitly cite *Snyder v. Plank*, 77 A.D.3d 1332, 909 N.Y.S.2d 246 (4th Dep't 2010).  *See*
Docket Item 33 at 5 (citing *Snyder* for the holding that Correction Law § 500-c "vest[s]
. . . the duty to maintain [the Holding Center] premises in a reasonably safe condition" in
the "county sheriff[]" (internal quotation marks omitted)).

[5] Moreover, because its argument is based on duties imposed upon the Sheriff
under local law, the County apparently does not appreciate the possibility that both the
Sheriff and the County share that duty.  Stated another way, a local law imposing a duty

### B.    The County's Duty Under Local Law

Next, the County argues that Judge McCarthy erred in concluding that the County had a duty to ensure that the Holding Center was free from dangerous conditions and to train and supervise any employees who could have been responsible for the plaintiff's injuries.  *See* Docket Item 30 at 4-8.  More specifically, the County contends that because the Sheriff is "responsible for the day-to-day maintenance and cleanliness of the . . . Holding Center" while the County "is responsible [for] maintain[ing] the physical structure" of the facility, the County owed no duty to guard against the injuries alleged here.  Docket Item 33 at 7-8.

Judge McCarthy considered the arguments that the County now raises in its objections, and he nevertheless concluded that "the plaintiff has properly alleged a negligence claim against the County arising from its duty to keep the [Holding Center] free from dangerous conditions."  Docket Item 30 at 7.  He first noted that "the County [is] 'obligated to provide and maintain the jail building under County Law § 217.'" Docket Item 30 at 4 (quoting *N.Y. State Comm'n of Corr. v. Ruffo*, 157 A.D.2d 987, 988, 550 N.Y.S.2d 746, 747 (3d Dep't 1990).  That obligation "is distinguishable from [the] Sheriff's duty to 'receive and safely keep' prisoners in the jail over which he has custody."  *Freeland v. Erie County*, 122 A.D.3d 1348, 1350, 997 N.Y.S.2d 860, 862 (4th Dep't 2014) (citing N.Y. Correct. Law § 500-c; N.Y. County Law § 217).  And Judge McCarthy further observed that the County has a duty under New York law to "protect inmates [from] risks of harm that are reasonably foreseeable."  Docket Item 30 at 6

---

on an elected official does not necessarily mean that only the elected official has that duty.

(quoting *Villar v. County of Erie*, 126 A.D.3d 1295, 1296, 5 N.Y.S.3d 747, 748 (4th Dep't 2015)).

Here, Ball alleges that he suffered an insect or spider bite as a result of the County's "fail[ure] . . . to ensure the premises were kept free of dangerous conditions." Docket Item 2-1 at ¶ 13. As Judge McCarthy explicitly (and correctly) concluded, the plaintiff's allegations therefore implicate the County's duty to "provide and maintain the jail building." Docket Item 30 at 4-5. While the County argues that its duty under County Law § 217 encompasses only the "responsib[ility] [] to maintain the physical structure" of the jail, Docket Item 33 at 8, Judge McCarthy correctly determined that the County's duty under New York law is not limited to the building's four walls, *see* Docket Item 30 at 5 (citing *Dugan v. County of Rensselaer*, 67 N.Y.2d 979, 494 N.E.2d 106 (1986) (reversing summary judgment decision dismissing claims alleging that inmate suffered injuries after slipping on wet floor).[6]

And even if the County were responsible for only the building itself, Judge McCarthy correctly noted that Ball's allegations "do not exclude the physical structure of the jail . . . as being the cause of [Ball's] injury." Docket Item 30 at 5. So Ball has adequately alleged that the County owed him a duty to guard against the injuries alleged here, regardless of whether the County is "responsible only [for] maintain[ing]

---

[6] The County contends that Judge McCarthy erred in relying on *Dugan* because the spider or insect that allegedly bit the plaintiff was not "created by the affirmative negligence" of an individual employee while the wet floor that the plaintiff in *Dugan* slipped on was created by the guards. Docket Item 33 at 3 n.2. But nothing in *Dugan* or County Law § 217 suggests that the County's duty under County Law § 217 is limited to what the County calls "affirmative negligence." *See* N.Y. County Law § 217 ("Each county shall continue to maintain a county jail as prescribed by law.").

the physical structure" of the Holding Center under County Law § 217.[7]  Docket Item 33
at 8.

Moreover, as Judge McCarthy observed, Ball's allegations implicate the County's
duty under New York law to "protect inmates [from] risks of harm that are reasonably
foreseeable."  Docket Item 30 at 6 (quoting *Villar*, 126 A.D.3d at 1296, 5 N.Y.S.3d at
748).  Although the County argues that *Villar* is "inapposite" because it involved sexual
assault rather than an insect bite, *see* Docket Item 33 at 4, the County's duty is to
protect inmates from "reasonably foreseeable" harm, not reasonably foreseeable harm
that satisfies the County's undefined threshold of seriousness.

The County also argues that *Villar* was not correctly decided.  *See* Docket Item
33 at 7 n.4.  But even if this Court could entertain the County's argument that a New
York state court incorrectly interpreted New York state law, the County did not raise this
argument before Judge McCarthy and the Court therefore declines to consider it now.
*See Al-Mohammedi v. City of Buffalo*, 2017 WL 163388, at *1 (W.D.N.Y. Jan. 17, 2017)
("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an
argument never seasonably raised before the magistrate." (alteration omitted) (quoting
*Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir.
1988)).

---

[7] The County argues that County Law § 217 "does not require the construction,
or re-construction, of a county jail so as to render [it] absolutely impenetrable by spiders
or bugs."  Docket Item 33 at 7.  But that argument confuses whether the County owed a
"duty to provide and maintain the jail building," *see Freeland*, 122 A.D.3d at 1350, 997
N.Y.S.2d at 862, with whether the County breached that duty by constructing a building
that was not "absolutely impenetrable."  And even if the County could not be expected
to build an impenetrable building that would prevent any and all insect bites, that does
not necessarily preclude a claim for not taking reasonable measures to prevent some
insect bites—for example, by installing screens that would keep out most insects.

Next, the County argues that because only the Sheriff is "responsible for the training and supervision of persons charged" with "maintain[ing] the [j]ail in a reasonably safe condition," Judge McCarthy erred in finding that Ball had adequately alleged that the County negligently trained, supervised, and instructed its employees.  Docket Item 30 at 8 (citation omitted).  But as set forth above, Ball alleges that the County owed a duty separate from, and in addition to, any duty owed by the Sheriff.  As Judge McCarthy noted, the complaint alleges that the County negligently supervised and trained its *own* employees, not the Sheriff's personnel or subordinates.  Docket Item 30 at 7-8.  So the County's objection to the R&R on this score fails as well.  *See Julius v. County of Erie*, 196 A.D.3d 1058, 1059-60, 147 N.Y.S.3d 488, 489 (4th Dep't 2021) (reversing summary judgment where the plaintiff alleged that his injuries resulted from conduct by "maintenance workers from the Holding Center, who were employed by [the County]," not from "the actions of a Sheriff's deputy").

### C.    The Sufficiency of the Allegations in the Complaint

Finally, the County objects to the R&R on the ground that Judge McCarthy erred in concluding that the complaint contained sufficient "fact-specific [allegations] to meet federal pleading standards."  Docket Item 33 at 15.  As noted above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alterations, citations, and internal quotation marks omitted).

To be sure, the allegations in the complaint are sparse.  In fact, they very well may be insufficient under federal pleading standards.[8]  *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Twombly*, 550 U.S. at 555)).  But the County did not raise this argument to Judge McCarthy in its motion to dismiss.  Instead, the County argued only that it did not have any duty to Ball under local law.  *See* Docket Item 6; Docket Item 13. Because the County's current contention was not presented to Judge McCarthy in the first instance, this Court declines to consider it now.  *See Al-Mohammedi*, 2017 WL 163388, at *1.

## CONCLUSION

This Court accepts and adopts Judge McCarthy's recommendation.  For the reasons stated above and in the R&R, the County's motion to dismiss, Docket Item 4, is GRANTED in part and DENIED in part.  Ball's punitive damages claim against the County and his official-capacity punitive damages claim against Howard are dismissed; all other claims survive.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of April 29, 2020, Docket Item 17.

---

[8] As noted above, this case was removed from New York State Supreme Court. "New York has liberal pleading rules, . . . which require that a plaintiff need only provide 'at least basic information concerning the nature of a plaintiff's claim and the relief sought.'"  *MBIA Ins. Corp. v. Royal Bank of Can.*, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009) (quoting *Parker v. Mack*, 61 N.Y.2d 114, 117, 460 N.E.2d 1316, 1317 (1984)).

SO ORDERED.


Dated:          December 14, 2021
                Buffalo, New York


                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE